OPINION OF THE COURT
Vincent E. Doyle, J.
The petitioner brings this CPLR article 78 proceeding seeking to annul the suspension by the respondent of his New York State Lottery Sales Retainer Licenses at four separate locations: Best Mart (license No. 54740), Ontario Express Mart (license No. 54997), Prime Stop (license No. 57202) and Prime Stop Two (license No. 57257).
In December of 2000, the petitioner reported a robbery at his Best Mart store and claimed that various lottery tickets had been stolen. Such a robbery would affect the amount petitioner would owe the respondent from sales of lottery tickets from this location. A dispute arose as to the amount petitioner owed *23 respondent and petitioner refused to pay respondent the amount it claimed was owing.
On or about January 25, 2001, the respondent sent its “Notice of License Suspension” as to Best Mart. The notice stated that the petitioner’s license “is hereby suspended, effective immediately, as a result of continuing collection difficulties. This suspension will continue pending an administrative hearing. License suspension prohibits you from acting as Lottery Sales Retailer in the sale, validation and promotion of Lottery products.”
Then in a letter dated March 23, 2001, sent to petitioner’s attorney, L.F. Walentynowicz, Esq., respondent’s counsel, Susan E. Beaudoin, stated as follows: “[a]s you know, the licenses for Best Mart, Prime Stop (license 57202), Prime Stop Two (license 57257) and Ontario Express Mart (license 54997) have been temporarily suspended pending resolution of your client’s outstanding debt.”
In their answering papers, the respondents have recited several reasons why they suspended the petitioner’s licenses. However, on a reading of the notice of suspension dated January 24, 2001 and the March 23, 2001 letter written by respondent’s counsel, it is apparent that the sole basis stated for the suspensions were “collection difficulties” and “outstanding debt.”
The licenses at all four of the petitioner’s locations were suspended before the petitioner had an opportunity for a hearing. The January 25, 2001 notice of suspension stated therein that it was effective immediately.
Suspension of petitioner’s licenses before the petitioner had an opportunity for a hearing was in violation of section 1607 of the Tax Law and 21 NYCRR 2800.7 (a). Section 1607 of the Tax Law does provide for a temporary suspension without a hearing, but only if “the public health, safety, or welfare imperatively requires emergency action” (see 21 NYCRR 2800.7 [a]). “Collection difficulties” and “outstanding debt” are not the sort of thing that would imperatively require emergency action.
Since the action of the respondent in suspending petitioner’s licenses was in violation of section 1607 of the Tax Law and 21 NYCRR 2800.7 (a), the suspensions must be annulled.
However, the suspension or revocation hearings may continue and the matters set forth in respondent’s answering papers herein as reasons for suspension may be the subject of such hearings, provided that respondents have complied with section 1607 of the Tax Law and 21 NYCRR 2800.7 (a).
*24 The petitioner’s petition herein is therefore granted and the suspensions of petitioner’s New York State Lottery Sales Retailer Licenses by the respondent are hereby annulled, vacated and set aside.